# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**VALARIE N. BRITTON**

    **Plaintiff,**

**v.**                                                                                                 **No. _____**

**COMMUNITY CARE OF**
**RUTHERFORD COUNTY, INC.**

    **Defendant.**

## COMPLAINT

PLAINTIFF, Valarie N. Britton, brings this action against the Defendant and alleges as follows.

## I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, a resident of Rutherford County, Tennessee and the Defendant, who does business in Rutherford County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Defendant Community Care of Rutherford County, Inc. ("CCRC" or "Defendant") is a corporate entity which may be served with process through its registered agent Josh A. McCreary, 16 N. Public Square, Murfreesboro, Tennessee, 37130.

5. At all relevant times, Defendant has been an "employer" within the meaning of the FLSA.

6. At all relevant times, Defendant has been an "employer" under the meaning of the EPA.

7. Plaintiff is a current employee of CCRC. During her employment with Defendant, she has been a covered employee under the FLSA and the EPA.

## II.  FACTUAL BASIS FOR SUIT

8. Plaintiff is a current employee of Defendant. She began working for Defendant as a resident care coordinator on or about March 8, 2016.

9. Plaintiff was compensated at an hourly rate of $19.50 per hour.

10. Plaintiff's regularly scheduled shifts are Monday through Friday, from approximately 8 or 9:00 a.m. until approximately 4 or 5:00 p.m.

11. However, Plaintiff performs work in excess of forty (40) hours per week on a regular and repeated basis.

12. Specifically, Plaintiff was required to carry an employer provided cell phone and to remain "on call" from approximately 4:00 p.m. until approximately 8:00 a.m. every Monday through Thursday.

13. While on call, Plaintiff was required to answer telephone calls and text messages and to provide various follow-up work based upon those calls and messages.

14. Defendant refused to compensate Plaintiff for this time she spent working while on

call.

15. Despite this, Defendant's male employees who are required to remain on call Monday-Thursday evenings are compensated $31 per day.

16. Accordingly, Plaintiff received unequal pay from Defendant for work that she performed which was substantially equal to that of male employees.

17. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.  29 C.F.R. § 778.107.

18. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate her at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work.  *See* 29 C.F.R. § 778.107.

19. Plaintiff's actual job duties were not those of an "exempt" employee.

20. Moreover, Plaintiff was not paid on a "salary basis," as that term is defined by the FLSA.

21. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff suffered lost wages.

22. Defendant is unable to bear its burden of showing that Plaintiff fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

23. Defendant's intentional failure to pay Plaintiff her proper overtime wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation

of the law.

24. Defendant is unable to bear its "substantial burden" of showing its failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

## III.   CAUSES OF ACTION

25. The forgoing facts are incorporated by reference as if fully stated herein.

26. Plaintiff brings the following claim against Defendant:

    a. Failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

    b. Failure to pay Plaintiff for work which she performed that was substantially similar to Defendant's male employees, in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

## IV.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

27. That proper process issue along with a copy of this Complaint requiring Defendant to appear and answer;

28. That Plaintiff be awarded damages in the amount of any wages lost, including but not limited to back pay and front pay, plus prejudgment interest.

29. Damages in the amount of Plaintiff's unpaid overtime compensation to be proven at trial.

30. Interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

31. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

32. An award of such other and further legal and equitable relief as may be appropriate.

> Respectfully submitted,
>
> **GILBERT RUSSELL MCWHERTER
> SCOTT & BOBBITT PLC**
>
> *s/ Michael L. Russell*
> Michael L. Russell (#20268)
> *s/ Emily S. Emmons*
> Emily S. Emmons (#33281)
> 341 Cool Springs Boulevard, Suite 230
> Franklin, Tennessee 37067
> Telephone: 615-354-1144
> mrussell@gilbertfirm.com
> eemmons@gilbertfirm.com
>
> ***ATTORNEYS FOR PLAINTIFF***